UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ronald Broten,

Plaintiff,

v.

Robert L. Gustafson, Edward H. Bartlett, Kendrick French, K.W. Thompson Tool Co., Inc., Thompson/Center Arms Co., Inc., and Bear Lake Holdings, Inc.,

Defendants.

Civ. File No. 01-2333 (PAM/RLE)

**MEMORANDUM AND ORDER**

---

The parties entered into a mid-trial settlement agreement nearly twenty years ago to end a products liability suit. The state court in which the trial had begun entered a judgment accepting the settlement agreement. Plaintiff now claims that Defendants' perjury and fraud induced him to sign the agreement. This matter is before the Court on Defendants' Motion to Dismiss for lack of subject matter jurisdiction or, in the alternative, to dismiss for failure to state a claim. For the reasons that follow, the Court finds that it has no subject matter jurisdiction.

## BACKGROUND

While hunting in 1978, Plaintiff Ronald Broten suffered serious injuries when his firearm fell to the ground and drop-fired. Broten subsequently filed a products liability suit

FILED DEC 11 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD DEC 11 2002
DEPUTY CLERK

against Defendant K.W. Thompson Tool Company ("Thompson"), the manufacturer of the firearm. At the trial that ensued in May 1983, Thompson offered the testimony of its production manager. Broten alleges that the production manager perjured himself during the trial and submits evidence to support that allegation. As part of their defense in the trial, Defendants conducted tests to prove that the firearm could not drop-fire and recorded the tests on video. In the tests, the production manager drops the firearm onto a rock from heights of three and five feet. At one point, upon striking the rock, the firearm drop-fires. Defendants did not produce this video footage in the Broten case, despite Broten's discovery attempts. At trial, the production manager testified that he had never seen that particular firearm drop-fire. Based on this allegedly false testimony and other evidentiary actions of Defendants, Broten agreed to settle the case.

Broten now brings a suit alleging claims for fraud, fraudulent concealment, fraudulent misrepresentation, fraud on the court, spoliation of evidence, and civil conspiracy. In his Complaint, Broten requests damages for: (1) the loss of the true value of his claims for negligence, products liability, and breach of warranty; (2) the loss of punitive damages as a remedy in the original litigation; (3) the loss of Court-imposed sanctions on the Defendants; and (4) the loss of interest and earnings on the amount that Plaintiff should have received in the original litigation. In his Memorandum opposing Defendant's Motion to Dismiss, Broten clarifies that his request for damages is not intended to set aside the settlement agreement, but that he instead affirms the agreement and is suing for damages based on fraudulent

inducement of the agreement. Defendants argue that the Court lacks subject matter jurisdiction to hear Broten's fraud claims. Alternatively, Defendants move the Court to dismiss the case for failure to state a claim.

## DISCUSSION

### A. Standard of Review

Defendants contend that the Court lacks subject matter jurisdiction to hear Broten's claims. When deciding a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must distinguish between a facial attack and a factual attack. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) ("the complaint must be successfully challenged on its face or on the factual truthfulness of its averments") (citing Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). In a facial challenge, all of the factual allegations in the complaint concerning subject matter jurisdiction are presumed to be true. Titus, 4 F.3d at 593. The motion to dismiss succeeds if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Id. The nonmoving party receives the same protections and presumptions of fact as it would under a motion to dismiss for failure to state a claim. Osborn, 918 F.2d at 729. For factual challenges to the stated grounds for jurisdiction, courts hold an evidentiary hearing on the issue to consider outside evidence, Titus, 4 F.3d at 593, and the nonmoving party does not have the benefit of the safeguards contained in Rule 12(b)(6) of the Federal Rules of Civil Procedure, Osborn, 918 F.2d at 729. Here, Defendants bring a facial challenge to Broten's grounds for subject matter jurisdiction based on the

Rooker-Feldman doctrine.

## B. Rooker-Feldman

The parties dispute whether the Court has the authority to hear Broten's claims. Defendants argue that Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) divest the Court of subject matter jurisdiction. Defendants seek, though their Rooker-Feldman argument, to dismiss this case pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. While Defendants separately argue that the "Collateral Attack Doctrine" bars Broten's claims, the Court regards this argument as a variation of the Rooker-Feldman doctrine, not as a separate jurisdictional attack.

The Rooker-Feldman doctrine prohibits federal courts, other than the Supreme Court, from hearing challenges to state court judgments. Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000). The Rooker-Feldman doctrine "forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions." Id. According to the Supreme Court, claims "inextricably intertwined" with state court judgments are outside the scope of federal district court jurisdiction. Feldman, 460 U.S. at 483 n.16. Clarifying the doctrine, the Eight Circuit has explained that "[a] general federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it.'" Ace Constr. v. City of St. Louis, 263 F.3d 831, 833 (8th Cir. 2001)(quoting Lemonds, 222 F.3d

at 493). Additionally, the Rooker-Feldman doctrine applies to all decisions of state courts, not merely final judgments. In Re Goetzman, 91 F.3d 1173, 1178 (8th Cir. 1996); Charchenko v. City of Stillwater, 47 F.3d 981, 983 n.1 (8th Cir. 1995) (stating that "Rooker-Feldman is broader than claim and issue preclusion because it does not depend on a final judgment on the merits"). In this case, Defendants bring a facial challenge to Broten's grounds for federal jurisdiction. Broten's Complaint violates the Rooker-Feldman Doctrine for two reasons.

First, in his Complaint, Broten raises claims for damages for loss of the "true value" of his original claim. He also asks the Court to give him the lost interest and earnings that Broten would have received, given the "true value" of his claim. In his pleadings, Broten explains that he is suing to recover the difference between the settlement amount and what he would have settled for, or what a jury would have awarded him, had he or the jury known the truth. To arrive at a specific amount, the Court would have to know what effect the alleged fraud had on the parties' settlement negotiations. That inquiry would require a trier of fact to further determine the parties' assessments of success at the original, May 1983 trial and to determine the effect that the fraud had on those assessments. Thus, Broten's claims are inextricably intertwined with the merits of the earlier state court decision. Second, the settlement agreement in this case contains no factual stipulations, only release clauses and a monetary amount. There is no way to determine the value of Broten's original claim without, in effect, setting aside either the release clauses, the monetary amount, or both. In

that way, Broten's fraud claims necessarily require the Court to hold that the state court wrongly entered its judgment when it accepted the settlement agreement. Thus, Rooker-Feldman bars Broten's current action. Fortunately, Broten still has recourse. He can file a proper motion in state court for relief from the settlement.

**CONCLUSION**

For the foregoing reasons, Broten's claim is barred by the doctrine of Rooker-Feldman. Accordingly, upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for lack of subject matter jurisdiction (Clerk Doc. No.12) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 9, 2002

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*